# CHARLESTON.

ROBERT UNDERWOOD v. ELVINA UNDERWOOD.

Submitted January 21, 1919.   Decided January 28, 1919.

1. DIVORCE—*Remarriage—Common Law—Equity.*

 The common law does not forbid remarriage of persons absolutely divorced from one another, nor either of them, nor has a court of equity any inherent authority to inhibit it by a decree. (p. 273).

2. SAME—*Restraint of Marriage—Validity.*

 In so far as a decree of divorce from the bonds of matrimony, inhibits or restrains, without statutory authority, either of the parties from remarriage, it is erroneous and will be reversed on appeal. (p. 273).

3. SAME—*Restraint of Marriage—Equity Jurisdiction.*

 A court of equity is not authorized to restrain the innocent party to a decree of divorce from the bonds of matrimony from remarrying within three years from the date of the decree. (p 273).

4. SAME—*Appeal—Costs.*

 If the defendant to the suit in which such a decree was entered made no appearance in the court below, nor in the appellate court, no costs are allowable in the latter court. (p. 273).

Appeal from Circuit Court, Brooke County.

Suit for divorce by Robert Underwood against Elvinia Underwood. From a decree granting an absolute divorce, but restraining plaintiff from marrying again within three years from date of decree, he appeals.    *Reversed in part.*

*R. L. Ramsey* and *Erskine Palmer & Curl,* for appellant.

POFFENBARGER, JUDGE:

 The decree complained of on this appeal granted the appellant a divorce from the bonds of matrimony, on the

ground of wilful desertion for more than three years, but, against his wishes, restrained him from marrying again within three years. There was no defense to his bill in the trial court and the appellee has not entered an appearance here, in resistance of his effort to be relieved from the provision of the decree inhibiting his remarriage.

Sec. 14 of ch. 64 of Barnes' Code of 1918, forbids marriage of the parties to a divorce suit, except to one another, within six months from the date of the decree, and authorizes the court to prohibit the guilty party from remarrying again, within a certain time to be fixed by the decree, not exceeding five years. Sec. 12 of that chapter forbids marriage of either party to a decree of perpetual separation, during the life of the other. Beyond these provisions, there is no statutory restraint upon the right of remarriage of divorced persons, nor any statutory authority in the courts to impose such restraint.

The common law does not forbid the remarriage of such persons nor is there any inherent authority in a court of equity to inhibit it. *In re Crane,* 170 Wis. 651; Ann. Cas. 1914A, 1173; *Barber* v. *Barber,* 16 Cal. 378; *People* v. *Hovey,* 5 Barb. (N. Y.) 118; *State* v. *Weatherby,* 43 Me. 258; 69 Am. Dec., 59; Nelson, Div. & Sep. sec. 588; Bish. Div. sec. 655-659; 9 R. C. L. 437, Div. Sec. 241.

For these reasons, so much of the decree as inhibits the plaintiff and appellant from marrying again, within three years from the date of the decree, must be reversed and annulled; but, since the wife made no defense in the court below and does not oppose modification of the decree here, and it does not appear that any objection was made in the court below, to the provision complained of, nor that any effort has been made to have the decree modified in that court, no costs will be awarded to the appellant. The error is due either to his generosity or indiscretion in the drafting of a decree in his own favor, or misapprehension on the part of the court, not induced by the defendant.

*Reversed in part.*